UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————
PRERNA SINGH,

                      Plaintiff,

        -v-

MEETUP LLC and DAVID SIEGEL,

                      Defendants.
———————————————————————

23-CV-9502 (JPO)

MEMORANDUM AND ORDER

J. PAUL OETKEN, District Judge:

      On August 22, 2024, the Court granted Defendants Meetup LLC and David Siegel's motion to compel arbitration against Plaintiff Prerna Singh. (ECF No. 27.) The Court reasoned that, because Singh had failed to allege conduct by Defendants that constituted sexual harassment under local or state law, her claims were not covered by the Ending Forced Arbitration Act (EFAA), which excludes "sexual harassment dispute[s]" from mandatory arbitration under the Federal Arbitration Act (FAA). *Singh v. Meetup LLC*, No. 23-CV-9502, 2024 WL 3904799, at *7-8 (S.D.N.Y. Aug. 22, 2024); 9 U.S.C. § 402(a). On September 5, 2024, Singh moved for reconsideration, arguing that the Court had "overlooked differences between New York State Human Rights Law (NYSHRL) and New York City Human rights Law (NYCHRL)" in its previous opinion and order, and that Defendants' behavior did qualify as sexual harassment under the NYSHRL. (ECF Nos. 28, 29 at 5.)

      "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Drapkin v. Mafco Consol. Grp., Inc.*, 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (internal quotation marks omitted). The motion "should be granted only when the defendant identifies [(1)] an intervening change of controlling law, [(2)] the availability of new evidence, or [(3)] the need to correct a clear error or

prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted).

In her motion for reconsideration, Singh does not identify a change of controlling law or the availability of new evidence, so the only way the motion for reconsideration may be granted is if Singh sufficiently identifies a "clear error" or "manifest injustice" that would result from the Court's failure to reverse its original decision. *See id.* She fails to meet that high bar.

Singh's sole argument is that the Court failed to consider the possibility that "sexual harassment" under the NYSHRL implicates a more expansive category of behavior than "sexual harassment" under the NYCHRL. (ECF No. 29 ("Mem.") at 6-7.) Singh posits that "[s]exual harassment under the NYSHRL includes all forms of gender discrimination." (*Id.* at 12.)

Singh points to the fact that the NYSHRL, unlike the NYCHRL, has separate provisions for "harassment" and "discrimination," and argues that, because of this, "there is no need for the Court to draw a line of its own between gender discrimination and sexual harassment," and "the text of the NYSHRL harassment provision should be applied to Plaintiff's sex-based claims." (*Id.* at 5, 7.)

The first problem with this argument is that it was not raised in response to the initial motion to compel arbitration and therefore cannot be raised in a motion for reconsideration. *See Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36 (2d Cir. 2012) ("It is well-settled that Rule 59 is not a vehicle for . . . presenting the case under new theories . . . ." (quotation marks omitted)). In briefing on Defendants' motion, Singh did not point out or rely on any provision in the NYSHRL separately defining "harassment." Indeed, Singh argued explicitly that the NYSHRL had been amended in 2019 "to conform to the liberal standard of the NYCHRL." (ECF No. 25 at 23.) Singh's theory in response to Defendants' motion to compel was quite

clear—that being "*treated less well than male colleagues and [being] subjected to sex-based differential treatment . . . are sufficient to constitute a sexual harassment dispute under the EFAA.*" (*Id.* at 24 (emphasis added).) In other words, Singh's theory was that *all* sex-based disparate treatment definitionally constitutes "sexual harassment" under New York law and therefore under the EFAA. (*Accord* ECF No. 17 ¶ 137 ("Defendants . . . subjected Plaintiff to a hostile work environment on the basis of her sex, gender, pregnancy and/or familial status . . . *by terminating her employment and treating her differently from and less favorably than similarly situated male employees* and/or employees who did not become pregnant.") (emphasis added).) The Court rejected that argument, concluding that Congress did not intend the EFAA's carveout for "sexual harassment" claims to encompass all sex discrimination claims.

Second, even if the Court considered Singh's new argument, it would reach the same conclusion. It is true, as Singh now informs the Court, that a section of the NYSHRL makes it unlawful for an employer to subject an employee to "harassment because of . . . sex . . . regardless of whether such harassment would be considered severe or pervasive under precedent applied to harassment claims." N.Y. Exec. Law § 296(1)(h). But the concept of "harassment" still must have some meaning. The statute's reference to "precedent applied to harassment claims" is itself telling: The concept of "severe or pervasive" is a concept that arises specifically in the context of sexual harassment claims, not all sex discrimination claims. And as the Court explained in its opinion, the *facts* alleged by Singh constitute disparate treatment based on sex, not "sexual harassment."

Further, it is not clear that all claims under § 296(1)(h) necessarily constitute "sexual harassment" for purposes of the EFAA. The NYSHRL does not distinguish sexual harassment from sex-based or gender-based harassment. *See* N.Y. Exec. Law § 296(1)(h). In fact, the

3

NYSHRL does not use the phrase "sexual harassment" at all. *See id.* § 296. Thus, the Court must still apply principles of statutory interpretation to understand what, exactly, falls under "sexual harassment" versus sex-based or gender-based harassment, which are not covered by the text of the EFAA.

An important implication of the two separate statutory provisions for harassment and discrimination that Singh does not mention is that harassment (of any kind) under the NYSHRL cannot be coextensive with discrimination. That is, in order to read the statute without significant superfluity, there must be some discriminatory activity that would not qualify as harassing activity. *See United States v. Kozeny*, 541 F.3d 166, 174 (2d Cir. 2008) ("When interpreting a statute, we are required to give effect, if possible, to every clause and word of a statute, and to avoid statutory interpretations that render provisions superfluous." (quotation marks omitted)). This statutory interpretation cuts against Singh's argument that sexual harassment and gender discrimination are identical under state law.

Singh cites several cases to support her premise that she "need only show that she was subjected to inferior terms, conditions or privileges of employment because of" her sex to allege sexual harassment. (Mem. at 7-8 (quoting *Mitura v. Finco Servs., Inc.*, 712 F. Supp. 3d 442, 453 (S.D.N.Y. 2024) (cleaned up).) However, upon closer examination, none of these cases bolster Singh's argument. Because non-EFAA cases do not need to draw the line between "sexual harassment" and "sex-based" or "gender-based harassment," as all harassment is covered by the NYSHRL, non-EFAA cases are not helpful guidance here. And the three EFAA cases that Singh does cite all involve clearly sexual and lewd behavior, which Singh herself has not alleged. *See Mitura*, 712 F. Supp. 3d at 450 (sustaining NYSHRL sexual harassment claim alleging that an HR director made comments about the size of the employee's breasts and her ability to

4

menstruate); *Delo v. Paul Taylor Dance Found., Inc.*, 685 F. Supp. 3d 173, 178 (S.D.N.Y. 2023) (sustaining NYSHRL sexual harassment claim alleging that a boss, among other things, reached across the employee's body while she was pumping breast milk at her desk and proceeded to make a phone call in that position); *Johnson v. Everyrealm, Inc.*, 657 F. Supp. 3d 535, 543-44 (S.D.N.Y. 2023) (sustaining NYSHRL sexual harassment claim alleging that a CEO encouraged the employee to have sex with clients, told him she thought "he would cheat on his girlfriend if the opportunity arises," and asked him at work if he "got laid the night before"). In none of the cases Singh cites did a court hold that gender discrimination devoid of sexual, romantic, or lewd behavior, would qualify as sexual harassment for the purposes of the EFAA.

Finally, Singh, for the first time, points the Court to guidance for employers issued by the New York Department of Labor (NYDOL) in 2023 that interprets "sexual harassment" broadly to cover "all forms of gender discrimination including gender role stereotyping and treating employees differently because of their gender." *Sexual Harassment Prevention Model Policy and Training: Model Prevention Policy*, N.Y. Gov't, https://www.ny.gov/combating-sexual-harassment-workplace/sexual-harassment-prevention-model-policy-and-training (*last visited* Oct. 30, 2024). While such guidance is evidence of the NYDOL's interpretation of "sexual harassment," the NYDOL is not the agency tasked with interpreting and implementing the state's human rights law, and thus does not merit deference. *See* N.Y. Exec. Law 15 § 290 (creating a specific "division in the executive department" to enforce the NYSHRL); *see also Wang v. James*, 40 N.Y.3d 497, 501-02 (N.Y. 2023) ("Deference is accorded to an agency's interpretation of a statute when the interpretation involves the specialized competence or expertise the agency has developed in administering the statute."). And while Singh notes that the agency that is tasked with administering the NYSHRL, the New York State Division of Human Rights

5

(NYSDHR), worked in collaboration with the NYDOL to put out this model policy for employers (Mem. at 10), the NYSDHR's own guidance does not define "sexual harassment" nearly as expansively. The NYSDHR's relevant 2024 brochure defines sexual harassment as "a form of sex discrimination under the New York State Human Rights Law as well as other federal and local laws," indicating that sex discrimination cannot be a subset of sexual harassment, nor can the two be coextensive. *Sexual Harassment*, N.Y. State Div. of Hum. Rts., https://dhr.ny.gov/system/files/documents/2024/04/nysdhr-sexual-harassment-brochure_0.pdf (*last visited* Oct. 30, 2024).

Further, the NYSDHR's guidance states: "Sexually harassing conduct can consist of unwanted verbal or physical sexual advances, sexually explicit statements, or discriminatory remarks that are offensive or objectionable to the recipient," and enumerates the examples:

- Requests for sexual favors, which may be accompanied by implied or overt threats concerning one's job performance evaluation or promotion.
- Subtle or obvious pressure for unwelcome sexual activities.
- Verbal harassment or abuse in the form of a pattern of sexual comments or questions.
- Unnecessary or inappropriate physical contact.
- Displays of lewd photographs or drawings.

*Id.* This description and these examples indicate that the NYSDHR views sexual harassment as a separate subset of gender discrimination involving sexual, lewd, or romantic actions.

This closer analysis of the text of the NYSHRL and agency guidance yields the same conclusion reached by the Court in its original opinion: The behavior Singh allegedly experienced at Meetup LLC, while undoubtedly gender discrimination, did not qualify as sexual harassment under state statute. Her claims thus do not fall under the EFAA's exception to the FAA, and thus are subject to mandatory arbitration.

Because Singh has not identified a clear error committed by the Court in its original opinion nor any manifest injustice, her motion for reconsideration is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 28.

SO ORDERED.

Dated: October 31, 2024
       New York, New York

                                                   J. PAUL OETKEN
                                       United States District Judge